IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHAD SUN GOOD GUN,<br><br>Plaintiff,<br><br>vs.<br><br>JIM DRISCOLL, TOM KISSLE, MONTANA DEPARTMENT OF CORRECTIONS, RECOVERY CENTERS OF AMERICA, RECOVERY CENTERS OF MONTANA,<br><br>Defendants. | CV 24-04-H-DWM<br><br>ORDER |

Plaintiff Chad Sun Good Gun ("Good Gun"), a state prisoner prisoner proceeding without counsel, filed a civil rights complaint alleging Defendants violated his right to be free from cruel and unusual punishment. (Doc. 2 at 4-5.) This Court screened his complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. *See generally* (Doc. 9.)

Good Gun was advised of the deficiencies with his filing and was provided the opportunity to file an amended complaint; absent amendment, he was informed the matter was subject to dismissal. (*Id*. at 5-14.) Good Gun's amended filing was

1

due by July 28, 2024. Good Gun was also notified that if he failed to comply, the matter would be closed. (*Id.* at 15-16.)

On July 29, 2024, Good Gun called the Clerk of Court to update his address. A copy of the June 28, 2024, Order was remailed to him, along with the standard amended complaint form and a copy of the docket sheet.

To date, Good Gun has not filed an amended complaint. He will be provided an opportunity to show cause as to why this matter should not be dismissed for failure to comply with the Court's order and/or failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Malone v. United States Postal Service*, 833 F. 2d 128, 130 (9th Cir. 1987); *see also Link v. Wabash*, 370 U.S. 626, 629 (1962)(failure to prosecute).

Accordingly, IT IS ORDERED that:

1. Within **14 days** of this Order, Good Gun must show cause why this matter should not be dismissed with prejudice for failure to comply with a Court order and for failure to prosecute.

2. If Good Gun fails to comply with this Order, the Clerk of Court is directed to close this matter and enter judgment. *See* Rule 58 of the Federal Rules of Civil Procedure.

3. If Good Gun fails to comply with this Order, the Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this

decision would not be taken in good faith. *See* Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.

4. At all times during the pendency of this action, Good Gun must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 19th day of August, 2024.

_____
Donald W. Molloy, District Judge
United States District Court